NUMBER 13-11-00201-CR

 

COURT OF APPEALS

 

THIRTEENTH DISTRICT
OF TEXAS

 

CORPUS CHRISTI -
EDINBURG 


                                                                                                                     


 

JIMMY EVANS GORE,                                                        
     Appellant,

 

v.

 

THE STATE OF TEXAS,                         
                             Appellee.

                                                                                                                     
  

 

On appeal from the
252nd District Court 

of Jefferson County,
Texas.

                                                                                                                     


 

MEMORANDUM OPINION[1]

 

Before Chief Justice
Valdez and Justices Rodriguez and Garza 

Memorandum Opinion by
Justice Rodriguez

 

            Appellant Jimmy Evans Gore appeals from his
conviction for the offense of aggravated robbery.  See Tex. Penal Code Ann. '
29.03 (West 2003).  On November 5, 2007, the trial court assessed appellant's
punishment at ten years' deferred adjudication probation.  On February 14,
2011, at a revocation hearing, appellant pleaded true to four probation
violations.  The trial court accepted appellant's pleas of true, revoked his
unadjudicated probation, found appellant guilty of the offense of aggravated
robbery, sentenced him to twenty-five years' confinement in prison, and granted
appellant credit toward his sentence for all time to which he was entitled by
law.  

Concluding that "there are no
grounds upon which an appeal can be predicated," counsel filed an Anders
brief in which he reviewed the merits, or lack thereof, of the appeal.  We
affirm the judgment of the trial court.

I.  Compliance with Anders

Pursuant to Anders v. California,
386 U.S. 738, 744 (1967), appellant=s
court‑appointed appellate counsel has filed a brief with this Court
stating that he has diligently reviewed the entire appellate record and has
concluded that an appeal from the judgment and sentence is without merit and
frivolous because the record reflects no reversible error.  Counsel=s
brief sets out, in great detail, relevant portions of the record that may
provide potentially appealable issues.  See In re Schulman, 252 S.W.3d
403, 407 n.9 (Tex. Crim. App. 2008) (orig. proceeding) (AIn
Texas, an Anders brief need not specifically advance >arguable=
points of error if counsel finds none, but it must provide record references to
the facts and procedural history and set out pertinent legal authorities.@)
(citing Hawkins v. State, 112 S.W.3d 340, 343-44 (Tex. App.—Corpus
Christi 2003, no pet.)); Stafford v. State, 813 S.W.2d 503, 510 n.3
(Tex. Crim. App. 1991) (en banc).








In compliance with High v. State,
573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978), appellant's counsel has
carefully discussed why, under controlling authority, there is no error in the
trial court's judgment and why there are no issues for appeal.  Counsel
certified to this Court that he served a copy of his motion to withdraw, its
supporting brief, and other required notices to appellant by certified mail and
that he has informed appellant of his right to review the record and to file a
pro se response.[2] 
See Anders, 386 U.S. at 744; Stafford, 813 S.W.2d at 510 n.3; see
also In re Schulman, 252 S.W.3d at 409 n.23.  More
than an adequate period of time has passed, and appellant has not filed a pro
se response.  See In re Schulman, 252 S.W.3d at 409.

II. 
Independent Review

Upon receiving an Anders brief,
this Court must conduct a full examination of all proceedings to determine
whether the case is wholly frivolous.  Penson v. Ohio, 488 U.S. 75, 80
(1988).  We have reviewed the entire record and counsel's brief, and we have
found nothing that would arguably support an appeal.  See Bledsoe v. State,
178 S.W.3d 824, 826-28 (Tex. Crim. App. 2005) (ADue
to the nature of Anders briefs, by indicating in the opinion that it
considered the issues raised in the briefs and reviewed the record for
reversible error but found none, the court of appeals met the requirement of
Texas Rule of Appellate Procedure 47.1.@); Stafford,
813 S.W.2d at 509.  Accordingly, we affirm the judgment of the trial court.

III. 
Motion to Withdraw

            In accordance with Anders, appellant's
attorney has asked this Court for permission to withdraw as counsel for
appellant.  See Anders, 386 U.S. at 744; see also In re Schulman,
252 S.W.3d at 408 n.17 (citing Jeffery v. State, 903 S.W.2d 776, 779-80
(Tex. App.—Dallas 1995, no pet.) (noting that A[i]f
an attorney believes the appeal is frivolous, he must withdraw from
representing the appellant.  To withdraw from representation, the appointed
attorney must file a motion to withdraw accompanied by a brief showing the
appellate court that the appeal is frivolous@)
(citations omitted)).  We grant counsel=s
motion to withdraw.  Within five days of the date of this Court=s
opinion, counsel is ordered to send a copy of the opinion and the judgment to
appellant and to advise appellant of his right to file a petition for
discretionary review.[3] 
See Tex. R. App. P. 48.4; see
also In re Schulman, 252 S.W.3d at 412 n.35; Ex parte Owens, 206
S.W.3d 670, 673 (Tex. Crim. App. 2006).

                                                                                                            

                                                                                                             NELDA
V. RODRIGUEZ

                                                                                                             Justice

 

Do not publish.

Tex.
R. App. P.
47.2(b).

 

Delivered and filed
the

28th day of July,
2011.

                                                                                                                                                            









[1] This case is before the Court on
transfer from the Ninth Court of Appeals in Beaumont pursuant to an order
issued by the Supreme Court of Texas.  See Tex. Gov't Code Ann. § 73.001 (West 2005).





[2] The Texas Court of Criminal Appeals
has held that Athe pro se response need not comply
with the rules of appellate procedure in order to be considered.  Rather, the
response should identify for the court those issues which the indigent
appellant believes the court should consider in deciding whether the case presents
any meritorious issues.@  In re Schulman, 252 S.W.3d
403, 409 n.23 (Tex. Crim. App. 2008) (orig. proceeding) (quoting Wilson v.
State, 955 S.W.2d 693, 696-97 (Tex. App.—Waco 1997, no pet.)).





[3] No substitute counsel will be
appointed.  Should appellant wish to seek further review of this case by the
Texas Court of Criminal Appeals, he must either retain an attorney to file a
petition for discretionary review or file a pro se petition for discretionary
review.  Any petition for discretionary review must be filed within thirty days
from the date of either this opinion or the last timely motion for rehearing
that was overruled by this Court.  See
Tex. R. App. P. 68.2.  Any petition for discretionary review must be
filed with this Court, after which it will be forwarded to the Texas Court of
Criminal Appeals.  See Tex. R.
App. P. 68.3; 68.7.  Any petition for discretionary review should comply
with the requirements of rule 68.4 of the Texas Rules of Appellate Procedure.  See
Tex. R. App. P. 68.4.